XIAOYE BAI     ID NO. 1099896

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

XIAOYE BAI,
          Plaintiff,
v.
CALVIN JOHNSON, et al.,
          Defendants.

CASE NO.: 2:20-CV-02192-RFB-EJY
JUDGE: RICHARD F. BOULWARE
MAGISTRATE JUDGE: ELAYNA J. YOUCHAH

INDIGENT INMATE XIAOYE BAI AS PRO PER PLAINTIFF IN THE HIGH DESERT STATE PRISON, HEREBY RESPECTFULLY SUBMITS THIS MOTION REQUEST FOR RELEVANT ASSISTANCE REGARD TO INMATE MEDIATION PROGRAM

**COMES NOW,** PLAINTIFF, Indigent Inmate Xiao Ye Bai, herein above respectfully moves this Honorable Court for an Motion request for Attorney and/or mandarin-Interpretter as reasonable assistance to the Party in further settling this case without the need for further Court action, if the Inmate Mediation Program Ordered.

This Motion is made and based upon the accompanying Memorandum of Points and Authorities, any statement and evidence this Court may consider.

DATED: this 09TH day of October, 2021.

BY: _____
       XiaoYe Bai # 1099896
       Plaintiff; In Proper Personam

Page- 1.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Xiao Ye Bai as Plaintiff in Pro Se (hereinafter "Mr. Bai")'s Motion should be granted because he has demonstrated "exceptional circumstances" exist in this stage of the case and good cause showing that would resonable permit this Court to provide relevant assistance which is Attorney and/or mandarin-Interprecter

## II. RELEVANT PROCEDURAL HISTORY

Pending before the Court is the [11] Screening Order that The Attorney Generals Office is to advise the court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of the defendants for the purpose of settlement. This matter is referred to Inmate Mediation Program and is stayed for 90 days to allow for mediation and/or settlement.

Pursuant to the screening order, Mr. Bai may proceed on (A) an Eighth Amendment Deliberate Indifference to a Serious Medical Need claim against "Holguin" and "Quderi" based upon the allegations that "Holguin" and "Quderi" required Mr. Bai to come to his cell door to get his meals and medication, even though he was injured and not capable of getting up and going to the cell door. As a result of their actions, Mr. Bai attempted to get up to retrieve his meal, and he fell and further injured himself. Once supervisors realized that Mr. Bai was injured and lying on the floor, they reprimanded "Holguin" and "Quderi", but they then left Mr. Bai lying on the floor in pain for the rest of the night. (ECF No. 11 at 10: 1-11.); against "Christy" based upon the allegations that Mr. Bai was suffering from swelling in his right foot and an infected wound that was actively bleeding. Mr. Bai was in so much pain, that he felt it necessary to call a

Man-Down. "Christy" initially left the unit and refused to even look at Mr. Bai. After a correctional officer called the infirmary, "Christy" came back to the unit and looked at "Mr. Bai", but she still refused to provide Mr. Bai any treatment. As a result, Mr. Bai continued to suffer in pain. (ECF No. 11 at 10:12-22); against "Jaymie" and "Faulkner" based upon the allegations that "Jaymie" and "Faulkner" are responsible for scheduling inmates for medical treatment and ensure that they receive the treatment that has been prescribed by a doctor. Following Mr. Bai surgeries, he needed regular checkups from the doctor, and he was presecribed medication and braces to assist in his recovery. "Jaymie" and "Faulkner" repeatedly delayed both Mr. Bai's medical appointments with the doctors. They also failed to provide Mr. Bai his medication on a consistent basis, and they failed to provide him the medical braces that had been prescribed. As a result of the delays in seeing a doctor, the failure to provide him his medication on a consistent basis, and the failure to provide him medical braces, Mr. Bai's condition worsened, and he continued to suffer in extreme pain. (ECF No. 11 at 10:23-28, 11:1-10).

(B). a First Amendment Retaliation Claim against "Holguin" and "Quderi" based upon the allegations that following Mr. Bai's complaints about them, "Holguin" and "Quderi" engaged in several acts of retaliation, including: requiring Mr. Bai to come to his cell door to retrieve his food, filing a false disciplinary charge, turning off the water to his cell, tearing up his grievances, and directing abusive, racial language toward him. (ECF No. 11 at 11:11-28, 12:1-5.)

(F). a Fourteenth Amendment Denied Due Process Claim against "Zelaya" based upon the allegations that "Zelaya" conducted a disciplinary hearing based on charges that Mr. Bai attempted to escape from prison. "Zelaya" did not give Mr. Bai an equal opportunity to present documentary evidence or call relevant witnesses, and there was no reason for these denials. Mr. Bai also alleges that "Zelaya" refused to provide Mr. Bai assistance for the hearing, even though English is not his first language (ECF No. 11 at 15:7-28, 16:1-16); against "Rudolph" and "Garrett" based upon

the allegations that because of the guilty finding, Mr. Bai was sanctioned to pay restitution for the medical costs for his treatment. As a result, "Rudolph" and "Garrett" charged Mr. Bai over $50,000.00 in restitution. But no evidence was ever provided to support the amount of restitution. (ECF No. 11 at 16:17-20.); against "Johnson" based upon the allegations that Mr. Bai further informed "Johnson" about the improper withdrawal of money from his account, without any hearing or evidence to support the amount of restitution, but "Johnson" did not take any action to rectify the issue. (ECF No. 11 at 16:20-23.)

The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order. (ECF No. 11 at 20:4-6.)
Motions for exclusion from inmate mediation program are due within 21 days
90-day stay report due 12/30/2021.
At this time, if the case has been referred to the Inmate Early Mediation Program, then the relevant Mediation will take place. As such, this Motion follows:

## III. LEGAL STANDARD

The court may request an attorney to represent any person unable to afford counsel, Pursuant to Title 28 U.S. Code § 1915 (e)(1), or the Plaintiff has showing the "exceptional circumstances" exist that would permit the court to appoint of counsel. Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007)

In this case, before the Parties begin discovery to determine whether the Parties can work together to reach a reasonable resolution, the Inmate Early Mediation will take place and relevant Mediators will be appointed by the Court to help the Parties define the issues.
Frequently, as in the present instance, appoint of counsel can works with the

opposing party to reach a settlement of the case or if the case goes to trial, counsel for the Plaintiff can shorten the trial and limit evidence to relevant issues, benefitting his client, opposing parties and court. Knighton v. Watkins, 616 F.2d 795, 799 (5th Cir. 1980)

## IV. LEGAL DISCUSSION

### A. The Motion Support Successful Communication During The Mediation ;

As a matter of fact, the reason Mr. Bai able to current conduct his relevant claims and motions because he has been received limited assistances from another inmate and prison law library. (ECF No.9 at 3:11-17).

The mediator assigned to this case is authorized by the Court and may conducted via video conference among the parties. Inmate and/or Prison law library assistance will not available at that time, consider Mr. Bai's foreign nationality background which does not speak English as a first language, the Court provide further relevant mandarin-Interprecter and/or Attorney is very reasonable and necessary.

### B. The Motion Does Demonstrate "Exceptional Circumstances" Exist ;

Inmate do not have a constitutional right to court appointed counsel for Section 1983 claims. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).

The Court will appoint counsel to represent an indigent litigant under 28 U.S.C. §1915(e)(1) or "exceptional circumstances" exist. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Mediation is an informal opportunity to be heard and to hear the opposing party's point of view. Mr. Bai lacks of financial resource can not afford Private Attorney and/or mandarin-Interprecter (ECF No. 8 at 1:15-20.)

Plus Mr. Bai's language barriers may not able to provide accurate and straight-forward information about the facts and legal issues in this case to the case mediator. Without the court provide relevant assistance for the mediation via video conference. Mr. Bai will continue to try comply with Mediation Relevant Requirements. But the Parties may result in do not settle the case which lose the purpose of the mediation. Thus, the motion should be granted.

## V. CONCLUSION

Plaintiff Xiao Ye Bai's Motion respectfully request for Attorney and/or mandarin Interpreter as reasonable assistance to the Party in further settling this case (if the Inmate Mediation Program ordered) should be granted because he is Indigent Inmate and has demonstrated "exceptional circumstances" exist in this matter that permit the Court further provide relevant assistance to prevent the denial of due process, also will more likely reach in settling this case without the need for further Court action, if the Motion been considered.

DATED this 09TH day of October, 2021.

Respectfully Submitted,

BY: /s/ _____
Xiao Ye Bai # 1099896
Plaintiff, In Pro Per