UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| XIAO YE BAI, | Case No. 2:20-cv-02192-RFB-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| CALVIN JOHNSON, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Request Assistance, which seeks the appointment of counsel and a Mandarin interpreter. ECF No. 15. The Court referred Plaintiff's case to the Inmate Mediation Program on October 1, 2021 to provide the parties an opportunity to resolve their dispute without engaging in further litigation. ECF No. 11 at 19. Plaintiff is not a native English speaker, is unrepresented, and cannot afford to hire an interpreter as he is indigent. ECF No. 15 at 1, 5. Plaintiff asks the Court to appoint him counsel and argues that the "exceptional circumstances" of this case allow for the appointment. *Id.* at 1. Plaintiff also requests a Mandarin interpreter to assist him in the upcoming mediation session and argues that such assistance is reasonable and necessary to his participation in the process. *Id.* at 5.

As a general matter, there is no constitutional right to counsel for civil litigants. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Ninth Circuit holds that counsel may be appointed to indigent defendants in "exceptional circumstances." *Palmer v. Valdez*, F.3d 965, 970 (9th Cir. 2009). In considering whether exceptional circumstances exist, courts consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* at 970. "Neither of these considerations is dispositive and instead must be viewed together." *Id.* The Court does not find exceptional circumstances here. The likelihood of Plaintiff's success on the merits is uncertain. The legal issues in this case do not appear unusually complex, and Plaintiff has demonstrated an ability

to proceed *pro se* up to this point. As such, the Court denies the motion for appointment of counsel without prejudice.

Plaintiff is also not entitled to a court appointed interpreter. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ...." *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). Further, "[t]here is no specific statute which authorizes the court to appoint an interpreter in civil *in forma pauperis* actions." *Mendoza v. Blodgett*, Case No. C-89-770-JMH, 1990 WL 263527, at *15 (E.D. Wash. Dec. 21, 1990), *aff'd*, 960 F.2d 1425 (9th Cir. 1992). Courts in the Ninth Circuit have consistently denied motions for the appointment of court interpreters in civil cases. *See Lopez v. Nevada Dep't of Corr.*, Case No. 3:17-cv-00732-RCJ-WGC, 2019 WL 4450430, at *1 (D. Nev. Sept. 17, 2019); *Loyola v. Potter*, 2009 WL 1033398, Case No. C 09-0575 PJH, at *2 (N.D. Cal. April 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."); *Nguyen v. Qualcomm, Inc.*, Case No. 09-cv-1925-MMA (WVG), 2013 WL 12061829, at *1 (S.D. Ca. Sept. 11, 2013).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Request Assistance (ECF No. 15) is DENIED.

Dated this 26th day of October 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE