UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| XIAO YE BAI,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-02192-RFB-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 41), which fails to explain what Plaintiff seeks and why.

Rule 15(d) of the Federal Rules of Civil Procedure permits Plaintiff to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented" on motion and reasonable notice. The goal of Fed. R. Civ. P 15(d) is to promote judicial efficiency. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). While courts "favor" supplemental pleadings, *id.* at 473, Plaintiff cannot use Rule 15(d) to introduce a "separate, distinct and new cause of action." *Berssenbruge v. Luce Mfg. Co.*, 30 F.Supp. 101, 102 (D. Mo. 1939); *see also* § 1509 Supplemental Pleadings—Time of Filing; Responsive Pleading, 6A Fed. Prac. & Proc. Civ. § 1509 (3d ed.) (noting that a court may deny leave to supplement "when the matters alleged in the supplemental pleading could be the subject of a separate action").

The factors the Court evaluates to determine whether to grant a motion to supplement are the same as those considered when the Court is presented with a motion to amend a complaint. *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). Thus, the five factors most commonly used in evaluating a motion to supplement are: "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Id.* Among the factors, prejudice to the opposing party carries the greatest weight. *Id.*

Here, Plaintiff provides the Court no basis for seeking to supplement his Complaint. He also does not explain what he wants to supplement or why. In sum, Plaintiff's Motion does not meet a single requirement of Fed. R. Civ. P. 15(d).

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File a Supplemental Complaint (ECF No. 41) is DENIED without prejudice.

DATED THIS 15th day of February, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2