UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| XIAO YE BAI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>　　　　Defendants. | Case No. 2:20-cv-02192-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Notice of Under Seal Submission (ECF No. 84) to which Plaintiff attaches numerous documents he wishes to file in support of his Objection to the Court's Report and Recommendation filed as ECF No. 82. Through the Notice, Plaintiff seeks to file grievance documents and certain declarations under seal.

Years ago, the Ninth Circuit established a strong presumption of public access to judicial records. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). To overcome the presumption when a dispositive motion is at issue, the moving party must demonstrate a compelling reason that supports maintaining the secret nature of the documents. *Kamakana*, 447 F.3d at 1180. The compelling reasons must outweigh the public's interest in having access to the judicial records and in understanding the judicial process. *Id.* at 1178-79. However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Id.* at 1179. The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz*, 331 F.3d at 1136.

Here, the grievance documents Plaintiff seeks to file under seal were discussed in great detail in Plaintiff's Second Amended Complaint. The content is not specific with respect to any event or

subject matter that is appropriately sealed. Plaintiff also attaches a "Declaration of the Class." There is no class here and, of course, Plaintiff cannot assert claims on behalf of others. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs from representing others); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other than himself."). To the extent the individuals who purportedly signed this declaration wish to keep their identities secret from the public, while there is limited reason to believe could lead to harm, the Court will allow this declaration to be sealed to protect these individuals from retaliation. The Court will similarly allow the declaration of others incarcerated to be sealed to ensure, to the extent it is conceivably necessary, their safety from retaliation or other harm. The remainder of the declarations will be unsealed as there is no basis to find the sealing of these documents is warranted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Notice of Under Seal Submission (ECF No. 84), which the Court construes as a Motion to Seal, is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the documents attached as ECF No. 84-1, at page numbers 2-4, 8-9, shall be and will remain sealed.

IT IS FURTHER ORDERED that documents attached as ECF No. 84-1, at pages 1, 5-7, and 10-22 shall be unsealed and filed on the public docket.

IT IS FURTHER ORDERED that because Plaintiff is pro se and has limited ability to do so, the Clerk of Court is ordered to separate pages 1, 5-7, and 10-22 from the remainder of ECF No. 84-1 and file these documents on the public record.

Dated this 11th day of July, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE