UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| XIAO YE BAI,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-02192-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to File Exhibit A—Medical Records of Plaintiff Under Seal. ECF No. 91. This Motion, and its attachments, were filed on the public record.

Years ago, the Ninth Circuit established a strong presumption of public access to judicial records. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). To overcome the presumption when a dispositive motion is at issue, the moving party must demonstrate a compelling reason that supports maintaining the secret nature of the documents. *Kamakana*, 447 F.3d at 1180. The compelling reasons must outweigh the public's interest in having access to the judicial records and in understanding the judicial process. *Id.* at 1178-79. However, where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Id.* at 1179. The mere fact that the production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz*, 331 F.3d at 1136.

Plaintiff seeks to seal, among other things, grievance documents, correspondence, and internal communications that do not contain sensitive information. *See* ECF No. 91 at 14, 15, 17-35. In sum, these documents do not contain information with respect to any event or subject matter that is appropriately sealed. Plaintiff's medical records at pages 3-13, and 16 are properly sealed.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to File Exhibit A – Medical Records of Plaintiff Under Seal (ECF No. 91) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the documents attached as ECF No. 91 at page 3-13, and 16 shall be and will remain sealed.

IT IS FURTHER ORDERED that documents attached as ECF No. 91 at pages 1-2, 14, 15, and 17-35 shall remain unsealed and filed on the public docket.

IT IS FURTHER ORDERED that because Plaintiff is pro se and has limited ability to do so, the Clerk of Court is ordered to separate pages 3-13, and 16 from the remainder of ECF No. 91 and file these documents under seal.

The Court notes that ECF No. 91 was filed on the public record and, therefore, Defendants are in receipt of a copy.

Dated this 19th day of July, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE