UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| XIAOYE BAI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>　　　　　Defendants. | Case No.: 2:20-cv-02192-RFB-EJY<br><br>**ORDER** |

　　　　Pending before the Court is Defendants' Motion for Stay of Discovery Pending Decision on Motion to Dismiss Third Amended Complaint. ECF No. 160. The Court reviewed the Motion, Opposition (ECF No. 161), and Reply (ECF No. 162). The Court also took a preliminary peek at the pending Motion to Dismiss (ECF No. 157), as well as the Opposition and Reply (ECF Nos. 158 and 159). Also pending is Plaintiff's Motion to Compel (ECF No. 163).

**I.　Discussion**

　　　　This Court has broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). A party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to grant a discovery stay, the Court is guided by the objectives of Rule 1 to ensure a "just, speedy, and inexpensive determination of every action." *Tradebay*, 278 F.R.D. at 602-03. Courts in the District of Nevada have historically reviewed three requirements when deciding whether to stay discovery pending resolution of a potentially dispositive motion. This include considering whether (1) the pending motion is potentially dispositive, (2) the potentially dispositive motion can be decided without conducting additional discovery, and (3) after taking a "preliminary peek" at the merits of

the potentially dispositive motion, the Court is convinced the Plaintiff will be unable to state a claim for relief. *Id.*

Upon conducting a preliminary peek review of Defendant's Motion to Dismiss, the Court is not convinced the Motion will be dispositive such that Plaintiff will be unable to state a claim. Moreover, the Court finds Defendants' qualified immunity defense is insufficient to warrant a stay of discovery.

Addressing qualified immunity Defendants state: "In the unlikely event this Court concludes that Bai has stated a plausible claim under the First, Fifth, Eighth, or Fourteenth Amendments, qualified immunity is still appropriate because there is no case that would put Defendants on 'clear notice' that their actions in this particular case violated Bai's constitutional rights." ECF No. 157 at 24. Defendants go on to argue: "At most, based on the allegations raised on the face of the TAC, Defendants were negligent in not providing Bai with access to an orthopedist for follow-up care. Negligent conduct does not rise to the level necessary to show that Defendants were in violation of the Constitution. *See Farmer* [*v. Brennen*, 511 U.S. 825,] 835 [(1994)] (holding that a constitutional violation is "something more than mere negligence")." *Id*. at 25. Defendants then conclude: "There was also no caselaw directly on point which would have provided Defendants clear notice that using racial epithets, filing a false notice of charges that was dismissed with no additional harm shown, or keeping lights on and turning off water on just the overnight shift, constituted harm sufficient to establish an adverse action in a retaliation case, where there is no allegation that any other shift continued these alleged deprivation. Finally, caselaw was clear that due process is satisfied when prison officials make deductions from inmate accounts in accordance with validly enacted state laws, and that there are no Fourteenth Amendment rights where a deduction is allegedly unauthorized, but the state provides a meaningful post-deprivation remedy." *Id*. Plaintiff responds and argues: "Defendants do not dispute that any of the legal principles they acknowledge to underlie the claims set forth in the TAC … are clearly established. If Mr. Bai has alleged plausible claims under *Estelle v. Gamble*, 429 U.S. at 104-05, *Rhodes v. Robinson*, 408 F.3d at 567-68, and *Logan v. Zimmerman Brush*, 455 U.S. at 433-36, and their progeny, then it follows that these claims are based on clearly established constitutional rights. Mr. Bai does not rely on any novel legal theories." ECF No. 158

at 28. Plaintiff further asserts: "Mr. Bai's claims regarding his medical care are not grounded in 'negligence'" and "Defendants Qaderi and Holguin were plainly on notice that a month and half long campaign of harassment against Mr. Bai for the purpose of retaliating against his grievances was illegal, even if some other cases with precisely the same acts didn't exist. *See Rhodes* …, 408 F.3d at 567-68." *Id*.

As explained in *Ramos-Quirate v. Omandac*, Case No. 2:23-cv-01778-RFB-NJK, 2024 WL 2836117, at *2 (D. Nev. June 3, 2024), "[a]lthough Defendants may in some circumstances be entitled to a stay of discovery as to claims they have asserted a qualified immunity defense to, they are not automatically entitled to a stay of discovery for the entire case." Moreover, as was true in *Ramos-Quirate*, Plaintiff raises state and federal causes of action under the Eighth Amendment to the United States Constitution as well as cruel and unusual punishment claims under the Nevada constitutional analog. *See id.* The Court in *Ramos-Quirate* explained: "Because the claims are grounded on similar legal theories and are premised on nearly identical factual allegations, the scope of fact discovery on the two claims significantly overlaps." *Id.* For this reason, a stay of discovery is not warranted in this case.

## II. Order

Accordingly, and based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion to Stay Discovery (ECF No. 160) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (ECF No. 163) is DENIED without prejudice.

IT IS FURTHER ORDERED that given the denial of the Motion to Stay Discovery, responses to pending discovery are due no later than **November 22, 2024**.

DATED this 25th day of October, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3